IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 DEC -5 PM 1:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN D. CARR, JR., and )
PATRICIA K. CARR, )
    PLAINTIFFS, )
VS. ) CV-02-H-1437-S
  ) 
BRIDGESTONE/FIRESTONE NORTH )
AMERICA TIRE, LLC., successor )
to Bridgestone/Firestone, Inc. )
    DEFENDANT. )

ENTERED
DEC - 5 2003

**MEMORANDUM OF DECISION**

The court has before it the July 7, 2003 motion of defendant for summary judgment, together with the supporting brief and evidence (all collectively docketed as Doc #28).[1] On August 8, 2003 plaintiffs filed their opposition (Doc. #40) to the summary judgment motion. The opposition included a declaration of William J. Orr and the motion to substitute Orr for the earlier designated expert Bobby Saunderson as discussed in Footnote 1, supra. On August 4, 2003 counsel for plaintiffs filed a

---

[1] Also on July 7, 2003 defendant filed a motion in limine to exclude the testimony of plaintiff's only designated expert witness, Bobby Saunderson (Doc. #27). Following plaintiffs' July 25, 2003 response to the motion, the court on July 29, 2003 granted the motion to exclude the testimony of Bobby Saunderson (Doc. #34). On August 22, 2003 the court denied plaintiffs' motion to substitute William J. Orr as expert witness in substitution for Bobby Saunderson, the earlier designated witness whose testimony was excluded (Doc. #49). Both the July 29, 2003 order and the August 22, 2003 order are incorporated by reference into this memorandum of decision.

declaration (Doc. #39) regarding exhibits attached to Orr's declaration.  On August 18, 2003 defendant filed a reply brief with evidentiary material attached (Doc. #48) in support of its motion for summary judgment.  Pursuant to the August 11, 2003 order (Doc. #29), the July 7, 2003 motion for summary judgment is now under submission.

In accordance with instructions regarding the September 23, 2003 pretrial conference, counsel for the parties presented to the court for signing a mutually agreeable pretrial order.  That proposed order, with the obvious additions and changes thereon by the court, was signed on September 23, 2003 (Doc. #52) following the conference.  The parties succinctly set out therein the following (a) agreed summary out of which this action arises, (b) positions of plaintiffs with regard to their claims, and (c) position of defendant with regard to its claims:

Statement of the case.

> (a) Agreed summary.  This case arises out of a tire blow-out involving plaintiff, John D. Carr, Jr., on May 11, 2000 on Interstate 459 in Jefferson County, Alabama at approximately 11:30 A.M.  Plaintiff was driving his 1995 Ford F-350 Crew Cab pick-up, when he and his fellow employee, Willie Lavender, heard the left rear tire making a "wop-wop-wop" noise and, after driving some distance, stopped to check the tire.  Mr. Carr put a can of Fix-A-Flat in the tire.  They proceeded along the road and the noise persisted so they stopped again on the median.  When John D. Carr, Jr. knelt to remove the hub cab (sic) from the left rear tire, the tire blew out.
>
> (b) Plaintiffs' positions.  John alleges that the Firestone Steeltex failed due to manufacturing and design defects, which are a result of severe cost cutting program established by Firestone in late 1994.  The program resulted in changes including: 1) using out of "spec" pigments, 2) using out of "spec" synthetic polymers, 3) reducing the natural rubber innerliner gauge, 6) reducing the wedge gauge, 7) pre-assembly of the belt edge inserts to the body ply, 8) reduction of the frequency of component testing of raw materials and

2

work-in process, and 9) increasing the age limits on all green components. Plaintiff, John D. Carr, Jr., further alleges, breach of implied warrant, and plaintiff, Patricia K. Carr, claims loss of consortium.

(c) <u>Defendant's positions</u>. Firestone denies that the subject tire was defective in design or manufacture, and Firestone denies that it was negligent or wanton with respect to the manufacture of the tire. Firestone further denies that it breached any warranty regarding the tire. Firestone pleads the defenses of misuse of the product and contributory negligence, and that such defenses are also imputed to the claims of John Carr's spouse, Patricia K. Carr, with respect to the loss of consortium claim. It is further the position of Firestone that plaintiffs cannot maintain a claim regarding the design or manufacture of the tire under the facts of this case without expert testimony, and plaintiffs do not have an expert in this case. Firestone further contests the extent of damages claimed by plaintiffs. Further, Firestone asserts that any award of punitive damages would be unconstitutional on the grounds stated in its answer as amended.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. See <u>id.</u> at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. See <u>id.</u> at 324.

The substantive law will identify which facts are material and which are irrelevant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. See id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. See Fitzpatrick, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at

4

trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>See</u> <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 358 (1996) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992)).

As plaintiffs have submitted no evidence in opposition to the motion for summary judgment, the court views the "Agreed Summary" from the pretrial order, and the following factual statements in defendant's brief and reply brief (which statements

are supported by defendant's evidentiary submission), as undisputed facts.

On May 11, 2000, at approximately 11:30 a.m., John D. Carr, Jr. ("Carr") and one of his employees, Willie Lavender ("Lavender") were traveling on U.S. Highway 31 in a F350 Ford Crew Cab Pickup Truck towards I-459 in Jefferson County, Alabama. Carr was driving the vehicle and Lavender was in the passenger seat. Carr had purchased the truck used with a "Steeltex R4S" steel belted radial tire manufactured by Firestone in Akin, South Carolina during the week of April 25, 1999 ("subject tire"). Subject tire had approximately 10,000 miles on it at the time of the accident and was located on the truck when Carr purchased the truck approximately one month before the accident. Subject tire had been driven approximately 8,000 miles by the former owner prior to the purchase of the truck by Carr.

When the truck reached I-459, the two men heard a "wop-wop-wop" noise coming from what they believed to be the left rear tire (subject tire) of the vehicle. At this time the vehicle was traveling at a rate of speed of 75 miles per hour. Carr drove the vehicle for about one mile further before steering the vehicle off the road onto the lane next to the median. Carr decided to put some "Fix-A-Flat" in subject tire. The two men did not check the pressure of the tire with a tire gauge before inflating with "Fix-A-Flat." Carr filled subject tire with an entire can of "Fix-A-Flat."

After subject tire was inflated with the "Fix-A-Flat," the two men proceeded back down the side of the interstate. As the vehicle was picking up speed, on the shoulder of the road, the

tire started making noise again.  Carr stopped the vehicle and the two men decided to change the tire.  When Carr knelt down to pull off the hubcap, subject tire exploded, knocking Carr onto his back.  Lavender helped Carr stand up and then Lavender changed the tire.  Carr and Lavender then proceeded back down the interstate to Augusta, Georgia, Carr driving half of the distance and Lavender driving the other half.

Plaintiff Carr claims compensatory and punitive damages (1) under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD") for manufacturing and design defects, (2) under theories of negligence and wantonness associated with the manufacturing and design defects in subject tire, and (3) for breach of implied warranty by reason of such alleged manufacturing and design defects.  Plaintiff Patricia K. Carr brings a claim for loss of consortium.

The court concludes there is no dispute as to any material fact and that defendant is entitled to summary judgment in its favor on all claims against it, for defendant has clearly pointed out correctly to the court that there is an absence of evidence to support plaintiffs' mere allegations.  Indeed, plaintiffs made defendant's obligation easy to discharge since plaintiffs have submitted no evidence whatever to support their claims or in opposition to the motion.  Based upon the record before the court, there is certainly an insufficiency of the evidence to withstand a motion for a directed verdict by defendant.  See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993).  Also see Lewis v. Casey, 518 U.S. 343, 358 (1996).  All of plaintiffs' claims arise out of the same alleged wrongdoing -

the placing of a defective tire into the stream of commerce. These claims necessarily require plaintiffs to present evidence that subject tire was defective when it left Firestone in April of 1999. See Sears Roebuck & Co. v. Haven Hills Farms, Inc., 395 So.2d 991, 995-96 (Ala. 1981); Townsend v. General Motors Corp., 642 So.2d 411, 416 (Ala. 1994). As subject tire is a technical and complex product, plaintiffs must submit expert testimony, for in the absence of expert evidence, plaintiff has not established a prima facie case. Haven Hills Farm, at 996. See also McPhail v. Mitsubishi Motor Manufacturer of America, Inc., 80 F. Supp. 2d 1309, 1313 (S.D. Ala. 1997); Rudd v. General Motors Corp., 127 F. Supp. 2d 1330, 1338 (M.D. Ala. 2001). The mere failure of a complex and technical product, without more, "is sufficient to prove a prima facie case" based upon alleged defective design and manufacture. See Brooks v. Colonial Chevrolet Buick, Inc., 579 So.2d 1328, 1333 (Ala. 1991). The failure to have expert testimony is an additional reason why the motion for summary judgment must be granted, separate and apart from the earlier stated failure to produce any evidence, simply endeavoring to rely on mere allegations. See Lewis v. Casey, 518 U.S. 343, 358 (1996).

In conclusion, there being no dispute as to any material fact, defendant's motion for summary judgment will be granted by separate order.

DONE this 5th day of December, 2003.

*James H. Hancock*
SENIOR UNITED STATES DISTRICT JUDGE